[Crim No. 4850. Second Dist., Div. One. Nov. 17, 1952.]

THE PEOPLE, Respondent, v. BENJAMIN ROBERT LAWSON et al., Defendants; EMERY CHARLES NEWSOM, Appellant.

Danny R. Jones for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Two police officers in a patrol car came up behind defendant Emery Charles Newsom's car. It was dark, in the early morning hours after midnight. The officers threw their red light upon defendant and he pulled over to the curb. He had a passenger riding in the front seat with him, Ben R. Lawson, Jr.

The two men got out of their car. The officers searched it and found 19 marijuana cigarettes on the floor board behind the front seat.

The officers arrested the men, took them to jail, and charged them with possession of the narcotic. (Health & Saf. Code, § 11500.)

Lawson, the passenger, first told the officers that he knew nothing about the marijuana cigarettes. Then, in the presence of Newsom he said that just before the arrest Newsom said to him, "Try to take this dope and get rid of it. . . . You take the 'beef,' because you will only get just about 90 days, and I have been arrested for narcotics before." This Lawson said he told Newsom he would not do.

Trial by jury was waived, and the issues on the pleas of not guilty by both defendants were submitted to the trial judge. On the trial Lawson testified to the request made of him by his codefendant, and to his refusal to take the responsibility for the marijuana. The trial court found Lawson not guilty; Newsom guilty.

Newsom appeals from the judgment which followed, and from an order denying his motion for a new trial.

Newsom testified in his own behalf that he did not know where the marijuana came from, and that he had had nothing whatsoever to do with it. In many interviews with police officers he maintained that he knew nothing about the cigarettes.

On the evening in question Newsom had been at the Samba night club in Los Angeles. While there, for $2.00 he agreed to take two friends of his, a man and wife, to their home in

Compton. Just before leaving the night club he invited Lawson to go along, "for the ride."

On the way to Compton the man drove Newsom's car, and his wife rode with him on the front seat. Newsom and Lawson rode in the back seat. When the party reached their destination the man and his wife got out of the car, Newsom and Lawson got into the front seat, Newsom driving, and started back to Los Angeles.

On the trial this man and his wife testified that when Lawson got out of the car he showed them some cigarettes, said they were marijuana, and offered to sell them to them, which offer they refused.

In his brief defendant sums up the testimony: "the only connection of defendant Newsom with the said cigarettes was the testimony of defendant Lawson and the fact that they were found in the car of defendant Newsom."

It is, of course, apparent that the evidence is in hopeless conflict. But the evidence as defendant sums it up in his brief, standing alone, if believed by the trial court was sufficient to sustain the conviction. Under the rule enjoined upon us all by the Constitution of this state, it was the province of the judge to resolve the conflict. And it is not the province of this court to weigh conflicting evidence. "In resolving this issue, it is the settled rule that an appellate court 'will decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found by' the trial court to warrant its implied findings, and before they 'can be set aside . . . it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below.' " (*People* v. *Jones,* 36 Cal.2d 373 [224 P.2d 353]; and see *People* v. *Rumley,* 100 Cal.App.2d 6 [222 P.2d 913] (prosecution for possession of marijuana); *People* v. *Brown,* 102 Cal.App.2d 60 [226 P.2d 609] (prosecution for morphine); also, see 3 Cal.Jur.2d 407; Const. art VI, §§ 4a, 4b.)

Defendant further contends that the testimony of Lawson "should not apply" because Lawson was an accomplice, and his testimony was not admissible under the provisions of section 1111, Penal Code.

The concluding sentence of that section reads: "An accomplice is hereby defined as one who is liable to prosecution for the identical offense charged against the defendant on trial

in the cause in which the testimony of the accomplice is given.''

■ Whether Lawson was an accomplice was a question of fact for the trial court. When the judge found Lawson not guilty, that question was determined adversely to defendant's contention. The fact that two defendants are jointly charged with crime does not determine the question as to whether they are in fact and in law accomplices. ■ And a verdict of not guilty as to one defendant is a finding of fact that he was not an accomplice of another defendant convicted of the same crime with which both were charged. (*People* v. *Johns,* 69 Cal.App.2d 737 [160 P.2d 102] ; *People* v. *Morgan,* 87 Cal.App.2d 674 [197 P.2d 413] ; *People* v. *Griffen,* 98 Cal.App.2d 1 [219 P.2d 519] ; *People* v. *Deverich,* 102 Cal.App.2d 215 [227 P.2d 45].)

The judgment and order appealed from are, and each of them is, affirmed.

White, P. J., and Doran, J., concurred.