[Crim. No. 815.   Fourth Dist.   June 23, 1950.]

THE PEOPLE, Respondent, v. JUAN M. TORRES et al., Appellants.

J. M. Lopes for Appellants.

Fred N. Howser, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendants and appellants Juan M. Torres, Mario Garcia Tapia and Alfredo Barela Estrada were charged and convicted by the court sitting without a jury, with the crime of illegal possession of marihuana. The main point involved in this appeal is the sufficiency of the evidence to support the finding of possession.

Late at night on November 25, 1949, two officers stopped a Chevrolet sedan being driven by defendant Torres. Defendant Tapia was seated in the back seat at the time. Defendant Estrada was in the front seat with Torres. The unusual weaving of the car, as it proceeded down the highway, attracted the officers' attention. Upon searching it the officers found four marihuana cigarettes, neatly rolled under a blanket which covered the front seat. The boys, when separately questioned, claimed that they had driven to Fresno to a dance or show that evening, denied having any knowledge of the ciga-

rettes being in the car, and told somewhat conflicting stories of their activities in Fresno and as to picking up additional passengers. One defendant claimed they picked up four boys on their return to their home and that all four of those boys sat in the back seat. Another defendant stated that after coming out of the show they picked up four boys and they drove them home; that two of them sat in front and two in the back seat. When questioned by an inspector none of the defendants mentioned about picking up any "hitch-hikers." When later questioned by a deputy sheriff they said they picked up *one* hitch-hiker on the way home and that he sat in the front seat. At another interview they said they picked up three Mexican boys who rode in the back seat and the three defendants rode in the front seat and they all went to a dance.

When the car was stopped by the officers Tapia seemed to be fumbling with something. The driver was nervous when the cigarettes were found. They were discovered in the center of the front seat and were firm, round, in good condition, and not mashed. The officers showed them to the defendants, stating that they believed they were marihuana. Torres replied that they had had other passengers in their car and they must have belonged to them. Defendant Tapia claimed that he did not own the car but borrowed it from one Famio Garcia, about four or five days prior to their arrest. Torres and Estrada stated that Tapia had had the car two or three weeks prior to that time.

Tapia testified on the stand that he had had possession of the car one to three weeks prior to his arrest and that the blanket was over the front seat when he secured it and that he never had removed it; that he did not know the marihuana cigarettes were under the blanket or in the car and that they were not his. On cross-examination this defendant was asked if it were not a fact that in July, 1949, his car was confiscated by the state because it had marihuana in it. Over objection, defendant was ordered to answer the question and he stated that "In Los Angeles I was caught for that. I gave some boys a ride and they had marihuana with them . . . they didn't return the car back to me." He was then asked if it were not true that he was in the business of selling marihuana cigarettes, i.e., bringing them up here from Mexicali and peddling them around at various towns. He answered in the negative.

Counsel for appellants claimed prejudicial error in the ruling of the court in the reception of this evidence. The question

of the admissibility, because of remoteness, of said evidence rests largely in the discretion of the trial court. (*People* v. *Arrangoiz*, 24 Cal.App.2d 116, 117 [74 P.2d 789].)

█ The general test of relevancy is whether the evidence tends logically, naturally, and by reasonable inference to establish any fact material for the People or to overcome any material matter sought to be proved by the defense. If it does, then the evidence is admissible whether or not it embraces the commission of another offense and whether the other crime be similar or dissimilar. (*People* v. *Peete,* 28 Cal.2d 306, 315 [169 P.2d 924].)

Evidence of other acts of a similar nature may be admitted when not too remote, to prove a material fact, or where it tends to show motive, scheme, plan or system, or to show *guilty knowledge* and intent. (*People* v. *Henderson,* 79 Cal.App.2d 94, 119 [179 P.2d 406] ; *People* v. *Hennessey,* 201 Cal. 568, 582 [258 P. 49] ; *People* v. *Brown,* 72 Cal.App.2d 717, 720 [165 P.2d 707] ; *People* v. *Bercovitz,* 163 Cal. 636, 639 [126 P. 479, 43 L.R.A.N.S. 667].)

█ In the instant case Tapia specifically denied any knowledge of the presence of the four marihuana cigarettes in the car in which they had been transported. The evidence sought to be elicited was relevant to establish this defendant's knowledge of the presence of the marihuana cigarettes in the car, and since there was testimony that he had been previously caught in Los Angeles in a car containing a packet of marihuana (the same narcotic here involved) such evidence was admissible under the above-mentioned rule and was a circumstance tending to show that he falsified in disclaiming knowledge of the presence of the marihuana, and was relevant in disproving defendant's claim of lack of knowledge.

█ Defendants next claim that this evidence was not admissible against the other two defendants. This is true. However, no objection was made at the trial as to its admissibility on this ground. Since the trial was before the court, sitting without a jury, no error can be claimed in this respect because the trial court is presumed to know the law that it was not binding on the other defendants. (*People* v. *Seerman,* 43 Cal. App.2d 506 [111 P.2d 457] ; *People* v. *Guiterez,* 126 Cal.App. 526, 536 [14 P.2d 838] ; *People* v. *Gasser,* 34 Cal.App. 541 [168 P. 157].)

On cross-examination at the trial the police officer testified that he examined the car and found a mechanical defect which,

in his opinion, would cause the car to weave, but not to the extent that it was weaving that night.

In support of the claim that the facts established are insufficient to show knowledge on the part of the defendants, they cite *People* v. *Gory,* 28 Cal.2d 450 [170 P.2d 433]; *People* v. *Martin,* 76 Cal.App.2d 317 [172 P.2d 910]; and *People* v. *Bledsoe,* 75 Cal.App.2d 862 [171 P.2d 950]. The facts of the cases cited are strikingly dissimilar and can be accordingly distinguished. ▮ In the instant action the marihuana was found on the front seat of the car in which all defendants were riding. The question whether the defendants knowingly had possession of it was a factual question for the trial court to determine. The statute (Health & Saf. Code, § 11160) does not require proof that the accused had the unlawful articles on their persons. The fact that ''possession'' of the narcotics was immediate and exclusive and under defendants' dominion and control was sufficiently established by the evidence. Where the circumstances in evidence are such as would reasonably justify an inference of guilt, and the court so found, the fact that an inference of innocence might also just as reasonably have been predicated on such circumstances does not present a question of law reviewable by an appellate court. (*People* v. *Bassett,* 68 Cal.App.2d 241 [156 P.2d 457]. See, also, *People* v. *Randolph,* 133 Cal.App. 192 [23 P.2d 777]; and *People* v. *Sweeney,* 66 Cal.App.2d 855, 859 [153 P.2d 371].)

It is the People's contention that guilty knowledge may be inferred from the false, misleading and contradictory statements made by defendants to the arresting and investigating officers; that since each defendant gave a different account as to their activities on the night in question and as to the transportation of claimed passengers or ''hitch-hikers,'' and their seating arrangements, the court had the right to consider the contradictory and false statements in determining the veracity of the defendants' testimony and their guilty knowledge. *People* v. *Gory, supra,* supports this contention.

We conclude that the evidence sufficiently supports the finding of the trial court.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.