[Crim. No. 4515.   Second Dist., Div. One.   Jan. 29, 1951.]

THE PEOPLE, Respondent, v. BARBARA BROWN, Appellant.

Morris Lavine for Appellant.

Fred N. Howser, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant was accused of possession of a preparation of morphine, in violation of section 11500, Health and Safety Code. Trial by jury was waived, and the case submitted to the court on the reporter's transcript of testimony at the preliminary examination, and defendant's testimony at the trial.

The trial judge convicted defendant. This was February 24, 1950. She was permitted to remain on bail. Hearing on her application for probation, and for pronouncement of judgment, was set for March 29, 1950. On that date defendant did not appear. Bail was forfeited, and bench warrant issued for her apprehension.

The case was then continued to April 3, 1950. At that time the following occurred:

"THE COURT: People against Barbara Brown.

"MR. ROBINSON: Your Honor, I am unhappy. We haven't received any more information from Miss Brown since the time she 'phoned us from San Francisco. Mr. Lavine asked me to come in and ask you to know that.

"THE COURT: As the situation now stands, the bench warrant is out. It is in the hands of the Sheriff. We will just mark this off calendar then.

"MR. JOHN J. HILL, Deputy Public Defender: Pardon me. If your Honor please, I appeared as a courtesy to absent counsel the last time. I call your Honor's attention——

"THE COURT: That is right. I understand. I remember, Mr. Hill. This was for judgment and sentence.

"Let the record show pursuant to Section 1193 of the Penal Code the Court finds that reasonable diligence has been exercised to procure the presence of the defendant; that the defendant is a defaulter and her presence has not been procured, and the Court finds that it is in the interest of justice that judgment be pronounced in her absence.

"For the crime of violation of Section 11500 of the Health and Safety Code of the State of California, upon which the defendant has been found guilty, there being no legal cause why sentence should not now be pronounced, it is the judgment and order of this Court that the defendant be confined in the Institution for Women at Tehachapi, California, for the term prescribed by law. It is ordered that the commitment be prepared and presented to the Sheriff, along with the bench warrant which is now in his hands."

The record does not show what, if anything, occurred on the occasion referred to by Mr. Hill.

Defendant bases her appeal upon two grounds: First, that the evidence was insufficient to justify the court's verdict; and secondly, that it was error to sentence her *in absentia*.

■ The first ground may be readily disposed of. The record shows that defendant owned the automobile in which morphine was found; that the morphine was concealed under a rubber mat in the automobile in front of the seat which she had just been occupying. Whether she was aware of the presence of the drug was a question of fact for the determination of the trial court. (*People* v. *Gory*, 28 Cal.2d 450 [170 P.2d 433].)

The manner of pronouncement of judgment presents an interesting question.

■ At common law it was the rule that the defendant had to be personally present when judgment of any corporeal punishment was pronounced. (15 Am.Jur. 113; 24 C.J.S. 78; *People* v. *Giles*, 70 Cal.App.2d Supp. 872 [161 P.2d 623].) But it was held that a defendant waived his right to be personally present when he absconded or ran away from the court after learning of the verdict of the jury. (*People* v. *Weinstein*, 298 Ill. 264 [131 N.E. 631]; see note, 14 L.R.A.N.S. 603.)

Our Penal Code, section 1193, was amended in 1931, modifying the requirement that the defendant must be personally present as follows: "unless, after the exercise of reasonable diligence to procure the presence of the defendant, the court shall find that it will be in the interest of justice that judgment be pronounced in his absence."

■ Defendant contends that that part of the code section violates the 14th Amendment to the United States Constitution and article I, section 13 of the Constitution of the State of California.

The amendment was approved by our Supreme Court in *People* v. *Williams*, 24 Cal.2d 848 [151 P.2d 244].

Due process of law does not forbid a state to direct pronouncement of judgment in a criminal case when a defendant absconds and is not in court at the time set for sentence.

■ This leaves but one question remaining to be considered: Was there sufficient showing of diligence to secure the presence of the defendant?

All that appears here is that defendant was not present on her hearing for probation and sentence; that her bail was forfeited and bench warrant issued; that five days later she again was not present; whereupon, judgment was pro-

nounced. For all that the record shows, the defendant may have been kept away from court by some untoward circumstance beyond her control.

In such cases as this the record must show that diligent effort has been made to find the defendant, and the reason for his absence.

The judgment is reversed, with directions to the trial court to determine whether a proper showing of diligence has been made to secure the presence in court of the defendant, and whether it is in the interest of justice to pronounce judgment in her absence; or, if defendant has been apprehended, to arraign her for, and to pronounce judgment.

White, P. J., and Doran, J., concurred.