[Crim. No. 2949.   First Dist., Div. Two.   Dec. 10, 1953.]

THE PEOPLE, Respondent, v. IRENE STANCIELL,
Appellant.

C. L. Shinn for Appellant.

Edmund G. Brown, Attorney General, and David K. Lener,
Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant was found guilty by the court
sitting without a jury of a violation of section 11500, Health
and Safety Code (possession of heroin).   Her only claim on
appeal is that the evidence is insufficient to support the judg-
ment.   ▪▪▪   A police officer testified that on September 15,
1952, he entered the home of appellant with another officer.
He found a woman named Anderson lying fully clothed on
the bed in one bedroom.   In the other bedroom, which he

testified the appellant said was hers, he found a bindle of heroin in a wall cabinet under a dresser scarf. He examined appellant's arms and found on them numerous puncture marks of the type made by a hypodermic needle. In his opinion these were of recent origin. He arrested appellant and the other woman and he testified that on the way to the Hall of Justice appellant and her companion suggested that they could lead the officers to a man from whom they could purchase heroin, if the officers would let them go. He further testified that appellant "stated that she had had that from the previous Saturday night, and then she stated that she had been using narcotics since February of 1952 up until the present time of arrest."

Appellant flatly denied this conversation, denied any knowledge of the bindle of heroin, denied that there were any fresh puncture marks on her arms and testified that she had not used any narcotics since February of 1952.

The case presents only the familiar conflict of evidence which is for the trier of fact to resolve. Appellant argues that where two persons have equal access to and occupancy of premises the mere finding of narcotics therein will not support a conviction of possession. There is ample additional evidence here to sustain the finding that appellant knowingly possessed the heroin found in her bedroom. ■ "To show such knowing possession the conduct of the parties, admissions or contradictory statements and explanations are frequently sufficient." (*People* v. *Foster*, 115 Cal.App.2d 866, 868 [235 P.2d 50].)

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.