[Crim. No. 5666. Second Dist., Div. Three. Dec. 3, 1956.]

THE PEOPLE, Respondent, v. ROBERT JOSEPH LUNBECK, Appellant.

Harrison M. Dunham for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and John S. McInerny, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was found guilty by the court, sitting without a jury, of the unlawful possession of marijuana. (Health & Saf. Code, § 11500.) Proceedings were suspended and he was granted probation. He appeals from the order, which is deemed to be a final judgment for the purpose of appeal. (Pen. Code, § 1237, subd. 1.) His only contention is that the evidence is insufficient to support the finding of guilt.

On July 29, 1955, Jones, a federal narcotic agent, arrested

Foy for illegal possession of marijuana. Foy told Jones defendant was supplying him with marijuana at regular intervals. Jones placed defendant and his home in Los Angeles under surveillance.

About 8:40 p. m. on October 14, 1955, Jones, Corbit, and Gullon, also federal narcotic agents, saw defendant come out of his house, enter his automobile, and drive away at a rapid speed in an erratic manner. The agents followed defendant who stopped at a drive-in restaurant. They parked their car alongside defendant's car. Jones got out and walked over to defendant; greeted him; observed his face was flushed and that his eyes did not react normally to light when it was shone in them. Jones was of the opinion defendant was under the influence of a narcotic and placed him under arrest.

Gullon then asked defendant whether they could search his car. Defendant told them to go ahead. Jones and Corbit searched the car while Gullon and defendant stood nearby and watched them. In the car the agents found a partially smoked marijuana cigarette under the front seat on the driver's side. They also found small portions of marijuana seeds under the seat and on the floor mats. The agents showed what they found to defendant and asked him if he could explain their presence. Defendant at first denied any knowledge of the marijuana and then said it must have been dropped by some people who had been riding in the car and had been rolling marijuana cigarettes. Later that evening he told the agents he had previously used heroin for a number of years but that he had cured himself of that habit and was using marijuana instead, and "that it is quite possible that some of the marijuana found in the car was the result of having been carried in the automobile."

Defendant testified, denied any knowledge of marijuana in the car, denied having told the agents he was using it, and denied having stated the marijuana in the car might have been the result of his use. Foy testified and denied having told Jones defendant had supplied him with marijuana

Defendant graciously concedes we are bound to view the evidence in the light most favorable to the People but says the rule is conditional in that the evidence must be of a substantial nature. He then argues the evidence fails to establish he had any knowledge there was marijuana in the car; that the evidence does no more than raise a suspicion of guilt.

The statute does not require proof the accused had the narcotic on his person. (Health & Saf. Code, § 11500.)

Possession of a narcotic is established when it is shown a person has physical control thereof with the intent to exercise such control, or having had such physical control has not abandoned it, and no other person has that possession. (*People* v. *Batwin*, 120 Cal.App.2d 825, 827 [262 P.2d 88].) ██ The essential facts may be shown by circumstantial evidence and reasonable inferences that may be drawn therefrom. ██ The evidence was substantial. It did more than raise a suspicion of guilt. Defendant was under the influence of a narcotic. Marijuana was found in his car. Defendant admitted it was possible some of the marijuana found in his car was a result of his rolling cigarettes. Whether he knowingly had possession of it was a factual question. (*People* v. *Brown*, 102 Cal.App.2d 60, 62 [226 P.2d 609]; *People* v. *Torres*, 98 Cal.App.2d 189, 193 [219 P.2d 480].) The evidence supports the finding of guilt.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 27, 1956.