[Crim. No. 6104.   Second Dist., Div. Two.   Feb. 26, 1958.]

THE PEOPLE, Respondent, v. FRANK MAGDALENO, Appellant.

*Assigned by Chairman of Judicial Council.

Ernest Best for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

ASHBURN, J.—Having been convicted of possession of heroin (Health & Saf. Code, § 11500), defendant appeals from the judgment and an order denying his motion for new trial. He claims that the evidence is insufficient to support the verdict in that it does not show that he knowingly possessed a narcotic. Any contention of unlawful search or seizure was disclaimed in the trial court and insufficiency of the evidence is the sole ground urged on appeal.

Appellant rented a transient room, Number 115, at the Kendrick Hotel at 322 South Spring Street, Los Angeles,

at about 10 a. m. on June 25, 1957. The room had been vacant the day before, but had been rented the two days prior to that day. Defendant was given no key to the room, and left the hotel with the room unlocked. He returned to the room two or three times prior to his arrest which occurred about 1 p. m. On that occasion he started into the room, saw two police officers there, slammed the door and ran out of the hotel. He was apprehended on the sidewalk and returned by the officers to the room which was then searched. Officer Durrell, in the presence of Officer Estes and the appellant, found eight white paper wrapped bindles in a small pile underneath the corner of the rug. The contents were later identified as heroin. Officer Estes testified that, when interrogated, appellant told him that he knew nothing about the heroin and that he was returning to the room to take a shower; that appellant also told him he had been to the room about three times since he rented it, each time to take a fix, and that he was a user of narcotics; that when he saw the officers in the room he ran away for fear he might be arrested because he had marks on his arm; however, the officer stated from his personal observation that the marks were old and did not indicate defendant had taken a recent fix.

Appellant testified that he had rented the room because he had made a date to bring a girl, a prostitute, there later that day. He stated that he never took a fix in the room, and denied telling the officers that he had done so. According to his version each trip to the room had been for the purpose of taking a shower, at least two of them, apparently in preparation for the meeting with the prostitute. Appellant further testified that there was nothing in the room that belonged to him, that there was no equipment found there, and nothing was found on his person. He stated that he worked as a part-time presser making $40-$45 per week. When arrested he had $111 in his pocket. He testified that his mother had sold one of her houses and had given him $100 to buy clothes for his child.

Appellant contends that there is absolutely no evidence that connected him with the narcotics or proof to show he knew of its presence in the room. His main argument is that the room which he had rented was a transient room and others had access to it, that it was open and unlocked and the officers had been in it in his absence.

"While it is necessary, on a possession charge, to

show knowledge on the part of the defendant [citation], such possession need not ·be exclusive, and may be shown by circumstances as well as by direct evidence, and may be constructive as well as physical. [Citations.] Certainly finding heroin in a mattress of the bed of the accused, or in his shirt pocket, or in and about his room, raises a reasonable and permissible inference that the heroin was his, even though another person, such as his wife, may share the bed or room with him.'' *(People* v. *Van Valkenburg,* 111 Cal.App.2d 337, 340 [244 P.2d 750].) ▇ *People* v. *Robarge,* 151 Cal.App.2d 660, 667-668 [312 P.2d 70]: ''The law is now well settled that to sustain a conviction in the instant case [possession], the prosecution must prove possession of the narcotic and knowledge of the presence and narcotic character of the article allegedly possessed. [Citations.] These essential facts may, however, be established by circumstantial evidence and reasonable inferences that may be drawn therefrom *(People* v. *Lunbeck,* 146 Cal.App.2d 539, 541 [303 P.2d 1082]). ▇ And, 'In regard to the question of possession, the cases hold that the narcotics need not be found on the person of the defendant, it being sufficient if such articles are deposited in a place under the possession and control of the accused. (Citing cases.)' *(People* v. *Vice,* 147 Cal.App.2d 269, 274 [305 P.2d 270].)'' *People* v. *Flores,* 155 Cal.App.2d 347, 349 [318 P.2d 65]: ''Possession and knowledge may be proved circumstantially and the evidence at bar is sufficient to support those inferences. Exclusive possession of the premises is not necessary nor is physical possession of the drug of the essence. *(People* v. *Ross,* 149 Cal.App.2d 287, 289 [308 P.2d 37]; *People* v. *Van Valkenburg,* 111 Cal.App.2d 337, 340 [244 P.2d 750]; *People* v. *Bagley,* 133 Cal.App.2d 481, 484 [284 P.2d 36].)'' See also *People* v. *Denne,* 141 Cal.App.2d 499, 510-511 [297 P.2d 451]; *People* v. *Lunbeck,* 146 Cal.App.2d 539, 541 [303 P.2d 1082].

▇ In *People* v. *Stanciell,* 121 Cal.App.2d 798, 799 [264 P.2d 576], a case· involving possession of heroin, it was said: ''The case presents only the familiar conflict of evidence which is for the trier of fact to resolve. Appellant argues that where two persons have equal access to and occupancy of premises the mere finding of narcotics therein will not support a conviction of possession. There is ample additional evidence here to sustain the finding that appellant knowingly possessed the heroin found in her bedroom. 'To

show such knowing possession the conduct of the parties, admissions or contradictory statements and explanations are frequently sufficient.' (*People* v. *Foster*, 115 Cal.App.2d 866, 868 [235 P.2d 50].)''

Defendant was a convicted felon, being on parole after a burglary conviction; his evidence was thereby impeached as it was given. The court was free to reject any part of it. The alleged three or four hour preparation by this married man for a rendezvous with a prostitute does not bear the earmarks of truth. His explanation to the police that the three trips they saw him make to the room were for the purpose of taking a fix misfired when it appeared that his arms bore evidence of old injections but no recent ones. Moreover, the fact that no equipment for preparing or administering the drug was found on defendant's person or in the room brands the explanation of the trips to the room as false. By trade appellant is a clothes presser, working three or four days a week and earning $40-$45 per week. When arrested he had been unemployed for two days or more but had $111 in small bills on his person. A family man, he ordinarily would not have such a sum on him after a two-day layoff. If he were engaged in making sales of heroin cached under the rug of room 115 the presence of the money would be a normal result.

When appellant saw the police officers in his room he knew there was no equipment for an injection there, and no prostitute. He slammed the door and ran, evidencing a consciousness of guilt. Guilt of what? Possession or trafficking in narcotics is the logical answer. The claim that he ran for fear of being arrested on the basis of old injection scars—remote felonies at best—does not commend itself to reason and it was disbelieved by the trial judge who rejected the defendant's story as untrue in its entirety. He called no corroborating witnesses. When his testimony thus fell, the case rested on circumstantial evidence strongly indicative of trafficking in narcotics, certainly substantial enough to warrant a reasonable inference that the narcotic found in his room was in his possession and its character known to him. Whether appellant was aware of the presence of the narcotic in his room was a question of fact for the determination of the trial court under all of the circumstances presented. (*People* v. *Gory*, 28 Cal.2d 450 [170 P.2d 433]; *People* v. *Brown*, 102 Cal.App.2d 60, 62 [226 P.2d 609]; *People* v. *Brown*, 92 Cal.App.2d 360, 366 [206 P.2d 1095]; *People* v. *Torres*, 98 Cal.App.2d 189, 193 [219 P.2d 480].)

■ *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778], requires a court of review to "assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.

■ If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury." Applying the principles of *People* v. *Newland, supra,* it cannot be said that the evidence and the reasonable inferences to be drawn therefrom are not, as a matter of law, sufficient to support the judgment.

Judgment and order denying new trial are affirmed.

Fox, P. J., and Herndon, J., concurred.