[Crim. No. 3435. First Dist., Div. One. Mar. 10, 1958.]

THE PEOPLE, Respondent, v. ALBERT McCULLOUGH, Appellant.

Edward T. Mancuso, Public Defender (San Francisco), and Waldo F. Postel, Jr., Deputy Public Defender, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

PETERS, P. J.—McCullough was charged with the sale and possession of narcotics on November 28, 1956. The possession charge was subsequently dismissed. He was convicted on the illegal sale charge. He appeals from the judgment of conviction and from the order denying his motion for a new trial.

Defendant does not challenge the sufficiency of the evidence to sustain the conviction. He does, however, challenge the propriety of the trial court's ruling in admitting evidence of another offense, and contends such ruling was erroneous and prejudicial. We agree.

In order to indicate the prejudicial nature of the challenged evidence, some reference should be made to the evidence intro-

duced on the charged offense. That offense was that defendant sold narcotics on November 28, 1956. Officer Godrum, a plain clothes officer, testified that on that day, in the company of an informer by the name of Rose Thomas, he saw the defendant at Ellis and Fillmore Streets in San Francisco. Rose called the defendant over to the car in which they were riding and asked him if he had anything. The defendant replied: "Yes, but you will have to get out and walk." The officer then handed Rose Thomas a $10 bill and told her to take a walk with defendant and to keep her hands in sight. Rose got out of the car and joined the defendant, who was accompanied by another woman, and the three started to walk down Ellis Street, with Officer Godrum trailing them about 10 to 12 yards behind. The officer testified that while the three persons were walking down the street he saw the defendant take the $10 bill out of the hand of Rose Thomas and saw him hand her two white objects. Rose then came back to the car driven by the officer and handed him the two white objects, which later were discovered to be two bindles of heroin.

The prosecution, over objection, offered evidence of another transaction that was supposed to have occurred on November 8, 1956. Inspector Ohlsen of the State Bureau of Narcotic Enforcement testified that on that day he and Officer Hogan searched one Frank Thomas, an informer, and then gave him two marked bills. They then drove Thomas to Ellis and Steiner Streets where they let him out of the car. They observed Thomas walk on Ellis to Fillmore. There Thomas met the defendant. Thomas and defendant walked over to an automobile occupied by one Archie Hamilton. Thomas got in the front seat with Hamilton and the defendant in the back seat. This car, with the three men, was then observed being driven to Ellis and Steiner Streets. Thomas got out, and the vehicle proceeded onwards. Thomas rejoined the two officers and handed Inspector Ohlsen two packets which later were found to contain heroin. Thomas no longer had the money. The officers did not see Thomas hand any money to defendant, nor did they see defendant hand anything to Thomas. The third man in the automobile, Archie Hamilton, was arrested several days later.

The defendant denied seeing Rose Thomas or selling her heroin on November 28, 1956, or on any other occasion. He also denied getting into an automobile with Frank Thomas or Archie Hamilton on November 8, 1956. Hamilton refused to testify on constitutional grounds.

On this evidence the jury found defendant guilty of the sale of narcotics on November 28, 1956.

■ Appellant contends that it was error to permit the prosecution, over objection, to introduce evidence of the November 8th transaction. We agree with this contention. That evidence did not establish that the appellant had committed any crime on that date. No one testified that anything passed from the informer to appellant, or from appellant to the informer. The automobile did not belong to appellant. There were three men in that car, the informer, appellant and Hamilton. Who gave the informer the heroin or took his money does not directly or indirectly appear.

■ The general rule is, of course, that evidence of other crimes is not admissible. To this rule there are several exceptions. Thus, when not too remote, evidence of other acts of a similar nature may be admitted to prove a material fact, or when the evidence tends to show motive, scheme, plan or system, or where such evidence tends to show guilty knowledge or intent. (*People* v. *Torres*, 98 Cal.App.2d 189 [219 P.2d 480].) In *People* v. *Lapin*, 138 Cal.App.2d 251 [291 P.2d 575], a defendant was charged and convicted of illegal possession of marijuana. Evidence of a prior offense was improperly admitted. The judgment was reversed. ■ The proper rule was stated as follows (p. 259) : ''The rule is now firmly established that evidence of a distinct, substantive offense cannot be received unless there is some clear connection between that offense and the other charged from which it may be logically inferred that if guilty of one he must be guilty of the other. (*People* v. *Lane*, 100 Cal. 379, 385 [34 P. 856]). If that is not the case, such evidence is not admissible. It cannot be received to prove the inclination of an accused towards crime. And in that way, to render more probable his guilt of the charge for which he is on trial. As was said in *People* v. *Westek*, 31 Cal.2d 469, 476 [190 P.2d 9] : 'It is the general rule that evidence of other crimes, where it is offered solely to prove criminal disposition or propensity on the part of the accused to commit the crime charged, should be excluded because its probative value is outweighed by its prejudicial effect (citations).' ''

It is well settled that some connection between the other crime and the crime charged must be shown, and it also must be shown, with some certainty, that the accused committed the other crime. Mere suspicion that the accused did or may have committed the other act is not enough. These principles

are discussed at length in *People* v. *Albertson*, 23 Cal.2d 550 [147 P.2d 7]. At page 576 the court stated:

■ "Evidence of other crimes may be admitted when it tends directly to establish the crime charged by proving a material fact, where it is part of the res gestae, or where it helps to disclose motive, intent, premeditation, guilty knowledge, malice, or a common plan or scheme. [*Citing authorities.*]

"The trial court, however, should be guided by the rule that such proof is to be received with 'extreme caution,' and if its connection with the crime charged is not clearly perceived, the doubt is to be resolved in favor of the accused, instead of suffering the minds of the jurors to be prejudiced by an independent fact, carrying with it no proper evidence of the particular guilt."

After discussing these principles at some length the Supreme Court concluded its discussion as follows (p. 580) : "Circumstantial proof of a crime charged cannot be intermingled with circumstantial proof of suspicious prior occurrences in such manner that it reacts as a psychological factor with the result that the proof of the crime charged is used to bolster up the theory or foster suspicion in the mind that the defendant must have committed the prior act, and the conclusion that he must have committed the prior act is then used in turn to strengthen the theory and induce the conclusion that he must also have committed the crime charged. This is but a vicious circle. Here the evidence of suspicious prior occurrences affords no substantial proof whatsoever connecting defendant in any way with the charge on which he was tried."

■ The instant case falls squarely within the rules announced in the Lapin and Albertson cases. The evidence relating to the November 8th transaction did not prove that appellant had committed any offense on that day. The trial court instructed that the challenged evidence was admissible to show the identity of the person who committed the alleged crime or to show common plan, scheme, system or design or to show that the accused possessed guilty knowledge. The evidence, in fact, did not tend to show any of these things. It did not show a common scheme or plan, except in the most general sense, because the methods of operation as to the charged offense and as to the November 8th transaction were quite different. The evidence failed to connect the accused with the offense of November 8th, assuming an offense was committed. There was no issue before the jury of possession

without knowledge. The sole purpose of the evidence and its necessary effect was to implant in the minds of the jurors the idea that the accused must have committed a crime on that date and thus was probably guilty of the crime charged. The rule excluding such evidence is designed to keep such highly prejudicial evidence, based on mere surmise, conjecture or suspicion, out of the case. The error was obviously prejudicial.

This conclusion makes it unnecessary to pass on the other contention made by appellant to the effect that he was entitled, as a matter of law, to a continuance. This contention is based on the fact that when Rose Thomas' name was divulged at the trial as the informer-participant in the charged offense appellant requested and was denied a continuance to attempt to locate her, she having moved from her last known address. Apparently, although this does not clearly appear, no request for her name was made at the preliminary. The propriety of the ruling denying the continuance need not be passed upon because the error already discussed requires a reversal. On the new trial the claimed error, if it was error, could not possibly occur because appellant now knows the name of the informer and will have had adequate time to locate and interview her.

The judgment and order appealed from are reversed.

Bray, J., and Wood (Fred B.), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 7, 1958. Gibson, C. J., Shenk, J., and Spence, J., were of the opinion that the petition should be granted.