[Crim. No. 6139.   In Bank.   Mar. 27, 1958.]

THE PEOPLE, Respondent, v. LAWRENCE O'NEIL
SMITH, Appellant.

Lawrence O'Neil Smith, in pro. per., and Ward Sullivan, under appointment by the Supreme Court, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

TRAYNOR, J.—The trial court sitting without a jury, found defendant guilty of a felony violation of section 11500 of the Health and Safety Code. It also found that he was previously convicted of narcotic addiction (Health & Saf. Code, § 11721), a misdemeanor, and sentenced him to imprisonment in the state prison for a term prescribed by law. (See Health & Saf. Code, § 11712.) Defendant appeals.

A police officer of the Los Angeles Police Department, on the day before the arrest, received information from an informer that defendant had just purchased a "spoonful of heroin" and that it would be on his person at a certain residence. The officer knew that defendant was a narcotic addict. On the day of the arrest, two officers approached the house in question and through a window observed defendant and a woman sitting on a bed, but saw nothing incriminating. They went to the front door and knocked. An elderly lady opened the door. The officers identified themselves, entered, and walked toward the room where they had seen defendant. One of the officers testified that the elderly lady then shouted, "Lawrence, the police are here." The bedroom door was closed, but the officers did not know if it was locked. Defendant's witnesses testified that the door was locked. When the officers entered the bedroom, they saw defendant move his hand to his mouth and told him to "Spit it out." There is a conflict in the testimony as to whether defendant was choked by one of the officers. Defendant spat out a package containing five rubber balloons later shown to contain heroin. He admitted that the package was his and that he attempted to swallow it when he heard the police at the door. The officers then arrested him. The package containing the heroin was introduced in evidence at the preliminary hearing.

At the trial the transcript of the preliminary hearing was introduced in evidence. Defendant's motion to suppress the

evidence on the ground that it had been obtained in violation of the rules stated in *Rochin* v. *California,* 342 U.S. 165 [72 S.Ct. 205, 96 L.Ed. 183, 25 A.L.R.2d 1396] and *People* v. *Martinez,* 130 Cal.App.2d 54 [278 P.2d 26], was denied In those cases the conduct condemned was brutal force, ''conduct that shocks the conscience.'' In the Martinez case the court said: ''It is clear that the substance was choked out of Martinez. The fact that the officers and Martinez were thrown to the ground indicates the extent of the force that was deemed necessary and that sufficient force was used to accomplish that purpose.'' (130 Cal.App.2d 54, 56.) Although defendant's testimony would tend to show that the officer choked him, there was testimony to the contrary by one of the arresting officers. We cannot hold that the trial court erred in believing the officer's testimony.

The officers had no search warrant and, apparently, no warrant for defendant's arrest. Thus, the lawfulness of the arrest turns on the question whether the officers had reasonable cause to believe that the defendant had committed a felony. (*People* v. *Boyles,* 45 Cal.2d 652, 655-656 [290 P.2d 535].)

Reasonable cause to justify an arrest may consist of information obtained from others and is not limited to evidence that would be admissible at the trial on the issue of guilt. (*People* v. *Boyles, supra; Willson* v. *Superior Court,* 46 Cal. 2d 291, 294 [294 P.2d 36].) If the officers had reasonable grounds to rely on the informer's report that defendant had just purchased heroin and that he could be found with it, at the place where he was arrested, they were justified in arresting him. (*Willson* v. *Superior Court, supra.*) The record supports the trial court's conclusion that the officer's past experience with the informer,* together with their knowledge that defendant was a drug addict, gave the officers reasonable cause to believe that defendant had committed a felony. More-

---

*One of the arresting officers testified:

''A. I have been there when he [the informant] has given us approximately six other bits of information and about three of them have been—on three of them we have made arrests and the other three we just hit it too late.

''Q. Well, in those three bits of information where you made arrests, those have been narcotic cases; is that correct? A. Yes.

''Q. And when you would go out to where he would tell you to go did you find any narcotics? A. Yes.

''THE COURT: In other words, this informer is a reliable informer?

''THE WITNESS: Very reliable.''

over, at the trial defendant made no attempt to determine the identity of the informer or to question his reliability.

In his brief in propria persona, filed before the appointment of counsel, defendant contends, that there was a fatal variance between the date of the offense charged in the information, April 8, 1956, and the date of the offense proved, March 8, 1956. In *People* v. *LaMarr,* 20 Cal.2d 705, 711 [128 P.2d 345], this court stated: "An immaterial variance should be disregarded. (14 Cal.Jur. 96; *People* v. *Mizer,* (1940), 37 Cal.App.2d 148, 153-154 [99 P.2d 333].) The test of the materiality of a variance is whether the indictment or information so fully and correctly informs the defendant of the criminal act with which he is charged that, taking into consideration the proof which is introduced against him, he is not misled in making his defense, or placed in danger of being twice put in jeopardy for the same offense." Defendant was not misled in making his defense, for he knew from the testimony given at the preliminary hearing that the date of the alleged offense was March 8, 1956, and his own witnesses testified to events on that date. Nor is he in danger of being placed in double jeopardy, for it is "well settled that on a plea of double jeopardy, extrinsic evidence is admissible on the trial to identify the crime of which a defendant has been convicted." (*People* v. *Williams,* 27 Cal.2d 220, 226 [163 P.2d 692].)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Schauer, J., Spence, J., and McComb, J., concurred.