[Crim. No. 6173.   Second Dist., Div. Three.   Sept. 10, 1958.]

THE PEOPLE, Respondent, v. NATLIA BALBOA ZAMORA, Appellant.

Natlia Balboa Zamora, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

VALLÉE, J.—In a nonjury trial defendant was convicted of the unlawful possession of heroin.   (Health & Saf. Code, § 11500.)   Her only contention is that after she was placed under arrest, the officers violated her constitutional rights in ordering her to open her mouth and to expel contraband therefrom.

Defendant was placed under arrest at about 12:20 p m. on July 9, 1957, by Robert Nichols, a Deputy Sheriff.   Nichols summoned Katherine Carruth, a female Deputy Sheriff, to the place where the arrest was made.   Deputy Carruth testified: "When I arrived at the location, Sergeant Howell requested my searching Mrs. Zamora for the possibility of finding narcotics.   I accompanied her to the rear of the house—I believe it is a bedroom at the rear of the home—and while I searched her, I asked her to open her mouth, and she appeared to gag. I noticed a white substance appear in her mouth.   I held my

hand just below her chin. She bent her head forward and spit an object into my hand."

Officer Carruth called Nichols into the room and gave him the object. Nichols said to defendant, "What is this?" Defendant replied, "Heroin." The object contained heroin. Defendant did not testify or offer any evidence in her own behalf.

Defendant asserts the conduct of Officer Carruth comes within the principle of *Rochin* v. *California*, 342 U.S. 165 [72 S.Ct. 205, 96 L.Ed. 183, 25 A.L.R.2d 1396]. There is no basis for the assertion. In Rochin the conduct of the officers condemned was brutal and shocking. In the present case there was no force or violence or brutal or shocking conduct used in causing defendant to emit the object she had in her mouth. She was not choked—she was asked to open her mouth, appeared to gag, and then spat the object into the officer's hand. No constitutional right of defendant was violated. (*People* v. *Smith*, 50 Cal.2d 149, 150-151 [323 P.2d 435].)

The judgment and the order denying a new trial are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.