[Crim. No. 7173.   Second Dist., Div. Two.   Oct. 18, 1960.]

THE PEOPLE, Respondent, v. ANGEL GUITERREZ
ESTRADA, Appellant.

436

Milton Eugene Thomas for Appellant.

Stanley Mosk, Attorney General, and Clara Kauffman, Deputy Attorney General, for Respondent.

HERNDON, J.—By an information appellant was charged with possession of marijuana. Upon the trial, the court granted the People's motion to amend the information to allege the possession of heroin. After his motion under Penal Code, section 995, had been denied, appellant entered a plea of not guilty.

A jury trial was waived and pursuant to stipulation the cause was submitted on the testimony contained in the transcript of the preliminary hearing, each side reserving the right to offer additional evidence. After the trial, at which appellant testified, he was found guilty. This appeal is from the judgment of conviction and from the order denying appellant's motion for a new trial.

As grounds of reversal, appellant advances two contentions: (1) that the evidence is insufficient to sustain the judgment in that there is no evidence to prove that appellant possessed narcotics, and (2) that there was a material variance between the allegations of the information and the proof made at the trial.

Officer Northrup of the Los Angeles Police Department received information from an anonymous informant who stated that a person by the name of Estrada was selling nar-

cotics at the Clifton Hotel, located at 928 West 8th Place. On November 2, 1959, Officer Northrup, and three other officers, went to the hotel referred to and observed appellant sitting in the lobby. He answered the description given by the anonymous informant.

The officers approached appellant and asked his name. He replied, ''Angel Estrada'' whereupon the officers explained that they had information that he was selling narcotics. Appellant stated that he knew nothing about any narcotics and when the officers asked whether they might go to his room and make a search, he replied in the affirmative, again stating that he had no knowledge of any narcotics.

Upon searching the room, the officers found two paper bindles of a white powder later identified as heroin, one of which was in a shirt pocket and the other in the pocket of a pair of pants, both of which garments were found hanging in a closet just inside the door to appellant's room. After finding the bindles, the officers asked appellant what their contents were, and he stated that he did not know. They then asked him if it was heroin and appellant replied that he did not know what heroin looked like. While in the hotel room, the officers asked appellant if anyone else lived in the room with him and appellant answered in the negative. Appellant testified to the effect that the clothing in which the bindles of heroin were found belonged to him. Appellant's contention that the evidence was insufficient to support the judgment of conviction is based upon the claim that there was no showing that he had any knowledge of the presence and narcotic character of the heroin found in his room.

It is true, as appellant asserts, that the burden is upon the prosecution to prove as an essential element of the offense charged that the accused had knowledge of the presence and narcotic character of the substance in question. (*People* v. *Winston*, 46 Cal.2d 151, 158 et seq. [293 P.2d 40] ; *People* v. *Gory*, 28 Cal.2d 450, 454 et seq. [170 P.2d 433] ; *People* v. *Antista*, 129 Cal.App.2d 47, 50 et seq. [276 P.2d 177].) However, it is well settled that these essential facts need not be established by direct evidence but may be proved by circumstantial evidence, and the reasonable inferences that that may be drawn from the facts so proven. (*People* v. *Lunbeck*, 146 Cal.App.2d 539, 541 [303 P.2d 1082] ; *People* v. *Magdaleno*, 158 Cal.App.2d 48, 51 [322 P.2d 89] ; *People* v. *Valenzuela*, 174 Cal.App.2d 759, 762 [345 P.2d 270].) It is not necessary that the narcotics be found on the person of

the accused; it is only necessary that it be found in a place under his exclusive possession and control. (*People* v. *Crews,* 110 Cal.App.2d 218, 220-221 [242 P.2d 64].)

The undisputed facts in the case at bar establish that the narcotics were found in appellant's personal effects and in a room of which he was the sole occupant. He admitted that he occupied the room by himself and that he did not share it with anyone else. Thus, the instant case is comparable to *People* v. *Grayson,* 172 Cal.App.2d 372, 378 [341 P.2d 820], in which it was held that the discovery of narcotics hidden in a chair in a hotel room, of which appellant was the sole occupant, was sufficient to support the judgment.

In *People* v. *Van Valkenburg,* 111 Cal.App.2d 337 [244 P.2d 750], it appeared that the officers entered appellant's hotel room and found heroin in the mattress of the bed occupied by appellant and his wife, and in the pocket of a shirt admittedly owned by him. The following language from the decision is pertinent (p. 340): "While it is necessary, on a possession charge, to show knowledge on the part of the defendant (*People* v. *Gory,* 28 Cal.2d 450 [170 P.2d 433]), such possession need not be exclusive, and may be shown by circumstances as well as by direct evidence, and may be constructive as well as physical. (*People* v. *Torres,* 98 Cal.App. 2d 189 [219 P.2d 480]; *People* v. *Brown,* 92 Cal.App.2d 360 [206 P.2d 1095]; *People* v. *Graves,* 84 Cal.App.2d 531 [191 P.2d 32]; *People* v. *Wong Fun,* 39 Cal.App.2d 211 [102 P.2d 774].) Certainly finding heroin in a mattress of the bed of the accused, or in his shirt pocket, or in and about his room, raises a reasonable and permissible inference that the heroin was his, even though another person, such as his wife, may share the bed or room with him."

In *People* v. *Antista, supra,* 129 Cal.App.2d 47, strongly relied upon by appellant, a judgment of conviction for possession of marijuana was reversed because there was no showing that the narcotics found in appellant's apartment were present there with his knowledge. In that case, however, it appeared that appellant shared the apartment with others, including one who was a known narcotics user. At page 53 the court makes the following comment: "If the substance had been found in the personal effects of the defendant that would have been a potent circumstance indicating knowledge of its presence, ownership and control. Such is the nature of the circumstantial evidence found in many of the cases." The facts here clearly indicate that the room where the nar-

cotics were found was under the appellant's exclusive possession and control, and that the "substance . . . [was] found in the personal effects of the defendant" within that room. The requirement of circumstantial proof of knowledge and possession was thus satisfied. (*People* v. *Antista, supra,* at 53; *People* v. *Mateo,* 171 Cal.App.2d 850, 855 [341 P.2d 768].)

The appellant's final contention is likewise without merit. While the information originally charged him with possession of marijuana, the court granted the People's motion to amend the information to allege possession of heroin. Appellant's argument is that the amendment never had effect because it was not written formally or by interlineation and, therefore, the proof varied materially from that allegation of the information. ■ It is true that an amendment "is a writing proposed as a correction or an improvement of the original writing specified in the amendment" (*People* v. *Cryder,* 90 Cal.App.2d 194, 200 [202 P.2d 765]). Assuming that the granting of the amendment, in and of itself, did not give the proposed amendment the dignity of "a writing," appellant's argument ignores the very basis upon which a reversal for a variance can be granted. ■ It is true that the evidence presented in a criminal case must correspond with the allegations of the indictment; but a variance, to be reversible error, must be material (*People* v. *Williams,* 27 Cal.2d 220, 225-226 [163 P.2d 692]). ■ The test of materiality is predicated "upon the requirements that the accused shall be definitely informed as to the charges against him, and that he may be protected against another prosecution for the same offense" (5 Wharton's Criminal Law, Variance, § 2055; *People* v. *Smith,* 50 Cal.2d 149, 152 [323 P.2d 435]).

■ It is clear that appellant was at all times aware of the precise nature of the charge against him. He knew that the narcotics involved was heroin because the People's chemist so testified at the preliminary hearing. It is to be remembered that by stipulation the cause was submitted on the testimony contained in the transcript of the preliminary hearing, each side reserving the right to offer additional evidence. Appellant knew of the variance between the information and the proof because the motion to amend was made in open court. Appellant requested no continuance and offered no objection to the amendment. [■ It cannot now be contended that he was prejudiced since he was definitely informed as to the charges against him; "[n]or is he in danger of being placed in double jeopardy, for it is 'well settled that on a plea of double

jeopardy, extrinsic evidence is admissible on the trial to identify the crime of which a defendant has been convicted.' (*People* v. *Williams,* 27 Cal.2d 220, 226 [163 P.2d 692].)'' (*People* v. *Smith, supra,* 50 Cal.2d 149, 152.)
Affirmed.

Fox, P. J., and Ashburn, J., concurred.