[Crim. No. 810.    Second Appellate District, Division One.—October 10, 1921.]

In re Application of GEORGE CLARK for Writ of Habeas Corpus.

[1] CRIMINAL LAW—PERJURY—INSUFFICIENT COMPLAINT.—If the complaint in a criminal action in which the defendant is charged with having conducted the game of "stud-horse poker" fails to charge a public offense, the testimony of the defendant therein under oath, though false, will not amount to perjury.

[2] ID. — VIOLATION OF SECTION 330, PENAL CODE — PLEADING AND PROOF.—In order to constitute an offense under section 330 of the Penal Code, it is essential that it be alleged and proved that the game, whether described under any of the names specifically given in that section, or under the general term of "banking or percentage game," shall have been played "for money, checks, credit, or other representative of value."

PROCEEDING on Habeas Corpus to secure the release of petitioner from custody upon a charge of perjury    Petitioner discharged.

The facts are stated in the opinion of the court.

J. C. C. Russell, J. F. Pryor and H. P. Brown for Petitioner.

---

1.    Distinction between false swearing and perjury, note, 8 Ann. Cas. 881.

J. W. Ferguson, District Attorney, and William R. Mc-Kay, Deputy District Attorney, for Respondent.

JAMES, J.—By this proceeding petitioner seeks to be discharged from the custody of the sheriff of the county of Kings, by whom he is held under a commitment issued by a justice of the peace of said county. After proceedings had before the justice, defendant was held to answer to the superior court on a charge of perjury. Following the making of that order by the magistrate, the district attorney filed his information in the superior court. It is here claimed that the commitment was made without reasonable or probable cause. The record of the proceedings had and testimony taken before the justice of the peace on the preliminary examination of petitioner is made a part of the petition. We think that the contention of petitioner is well made and that he is entitled to be discharged from custody.

[1] It appears that the charge of perjury was based upon testimony given by petitioner in a criminal action wherein petitioner was charged with having conducted the game of ''stud-horse poker'' which is prohibited by the terms of section 330 of the Penal Code. In the complaint for perjury it was charged that petitioner, having been called as a witness in his own behalf in the criminal action mentioned, falsely testified and stated under oath that he had not conducted or played in said game. In order that a charge of perjury be made out against the petitioner, it was necessary that the alleged false testimony had been given in a judicial proceeding and that the same was material to a valid issue properly made therein. If the complaint in the gaming case failed to charge a public offense, as is asserted, then the testimony of petitioner would not amount to perjury as that crime is defined by the statute. The complaint in the gaming case in its charging part declared as follows: ''Said defendant did then and there wilfully and unlawfully, open up and conduct a gambling game, to-wit, stud horse poker, in the town of Armona, County of Kings, State of California, in violation of Section 330 of the Penal Code of the State of California.'' In section 330 of the Penal Code it is made a misdemeanor for persons to deal, play, carry on, open, or conduct certain games enumerated by name, including ''stud-horse poker,''

after which, and separated by a comma, is the following: "or any banking or percentage game played with cards, dice or any device, for money, checks, credit, or other representative of value." [2] In order to constitute an offense under section 330, it is essential that it be alleged and proved that the game, whether described under any of the names specifically given in the section, or under the general term of "banking or percentage game," shall have been played "for money, checks, credit, or other representative of value." The purpose of the law is to prohibit games of the kind mentioned and described at which money or property, or the representative thereof, is lost or won. It cannot be assumed that it is impossible that any of the games specifically mentioned may not be played for amusement only and without the incident of money or property being wagered or bet thereat. The tenor of all the decisions that our attention has been referred to, or that we have been able to discover, indicates that this construction should be given to the statute. (*Ex parte Capanna,* 45 Cal. App. 501 [187 Pac. 1077]; *People* v. *Sam Lung,* 70 Cal. 515 [11 Pac. 673]; *People* v. *Carroll,* 80 Cal. 154 [22 Pac. 129]; *People* v. *Ah Own,* 85 Cal. 580 [24 Pac. 780].) The complaint charging petitioner with the alleged crime of conducting the game of stud-horse poker did not state facts sufficiently to constitute a public offense; neither did the complaint upon which the examination on the charge of perjury was had state a public offense, for the reason that it was deficient in its reference to the former complaint in the same particular as has been pointed out.

It is ordered that petitioner be discharged from the custody of the sheriff.

Conrey, P. J., and Shaw, J., concurred.