185 P.2d 977

**STATE v. VALDEZ et al.**

**No. 5045.**

Supreme Court of New Mexico.

Oct. 22, 1947.

Frazier & Quantius, of Roswell, for appellants.

C. C. McCulloh, Atty. Gen., and Robert W. Ward, Asst. Atty. Gen., for appellee.

LUJAN, Justice.

The appellants appealed from a judgment entered against them in the district court of Chaves County, by which they were sentenced to ninety days imprisonment in jail and assessed fines of $250 each. The information to which they pleaded guilty, omitting the formal part thereof, reads: " * * * did unlawfully operate a game of chance, to-wit: poker and dice, contrary to the form of statute in such cases made and provided, and against the peace and dignity of the State of New Mexico."

On April 1, 1947, appellants were arraigned in the district court and entered their respective pleas of guilty. They were not represented by counsel although the court advised them of their rights in that respect. On April 2, 1947, appellants, through counsel filed a motion praying leave to withdraw their pleas of guilty, which was denied.

This information was undoubtedly attempted to be drawn under Section 41-2201, 1941 N.M.Comp., which provides, in part: "It shall hereafter be unlawful to play at, run, or operate any game or games of chance such as * * * poker * * * or any other game or games of chance played with dice * * * *for money or anything of value* * * *." (Emphasis ours)

Appellants contend, and we think rightly so, that the information does not charge a public offense, and, further, that although their pleas of guilty are equivalent to a conviction, yet, if the acts charged do not constitute a public offense, their pleas confess nothing. The omission is of matter of substance, and not a defect or imperfection in the matter of form only within the meaning of the statute and the fact that the information charged them with "unlawfully" operating a game of chance did not alter the situation. State v. Newton, 16 N.D. 151, 112 N.W. 52, 14 Ann.Cas. 1035; see, also 22 Corpus Juris Secundum, Criminal Law, § 424, on page 658.

The pleader, by omitting the allegation that the operation of such game was "for money or anything of value" failed to charge them with any offense. State v. Gray, 38 N.M. 203, 30 P.2d 278; State v. McMath, 34 N.M. 419, 283 P. 51; State v.

Newman, 29 N.M. 106, 219 P. 794; United States v. Medina, 15 N.M. 204, 103 P. 976. The mere playing or operating of a game of chance, unless it be for money or something of value, does not violate the provisions of the Act. Ex parte Hamm, 24 N.M. 33, 172 P. 190, L.R.A.,N.S., 1918D, 694.

The District Court of Appeals (criminal), Third District, California, in the case of Ex parte Capanna, 45 Cal.App. 501, 187 P. 1077, 1078, which involved the same question before us under a similar statute, said: " * * * But it appears from said section that, to make the conducting of a banking or percentage game a crime, it must be played 'for money, checks, credit, or other representative of value,' and it is equally apparent that in the complaint before us there is no allegation that the percentage and banking game was so played, nor is there any equivalent words used in said complaint. It is thus to be seen that there is an entire omission to state an essential element of the crime contemplated by said section of the Penal Code; in other words, defendant was charged with a perfectly innocent act, since it is no crime to merely conduct a percentage or banking game. The situation is not changed by the fact that the term 'unlawful' was used as a modifier in said complaint or that the game was designated as a gambling game. These terms constitute mere conclusions that do not change the force or effect of the facts set forth in said complaint." See, also Ex parte Clark, 54 Cal.App. 507, 202 P. 50.

■ The sufficiency of the information was not challenged in the court below. However, appellants' counsel are entitled to the explanation that they were not employed in the case until after appellants had entered pleas of guilty. Where the challenge to the information is based upon an omission in the averments of an essential element of the crime, jurisdiction of the subject matter cannot be conferred by consent, as in this case by pleas of guilty, and hence objections to the jurisdiction may be made for the first time in the Supreme Court. State v. City of Albuquerque, 31 N.M. 576, 249 P. 242; State v. Diamond, 27 N.M. 477, 202 P. 988, 20 A.L.R. 1527; Sais v. City Electric Co., 26 N.M. 66, 188 P. 1110. See, also, 24 Corpus Juris Secundum, Criminal Law, § 1671, page 274, and cases cited.

■ In as much as the information failed to state an offense, the appellants were not placed in jeopardy, and the district attorney may file a new information if he so desires. State v. Grayson, 50 N.M. 147, 172 P. 1019. It is unnecessary to pass upon the other assignment of error.

The judgment will be reversed, and the cause remanded with a direction to the district court to quash the information and

discharge the appellants. And it is so ordered.

SADLER, McGHEE, and COMPTON, JJ., concur.

BRICE, C. J., did not participate.