[Crim. No. 292.   Fifth Dist.   Dec. 28, 1966.]

THE PEOPLE, Plaintiff and Appellant, v. EDWIN EARL WILLMIRTH, Defendant and Respondent.

Thomas C. Lynch, Attorney General, Raymond M. Momboisse and Nelson P. Kempsky, Deputy Attorneys General, for Plaintiff and Appellant.

Gordon A. Olsson for Defendant and Respondent.

CONLEY, P. J.—The state appeals from an order of the superior court setting aside an information, pursuant to section 995, subdivision 2, of the Penal Code, charging the defendant with possession, planting and cultivating marijuana. Based on the evidence received at the preliminary examination, the judge of the municipal court held that it appeared to him that the offense of violation of section 11530 of the Health and Safety Code had been committed, and that there was reasonable cause to believe that the defendant was guilty thereof. The defendant was there held to answer and the arraignment of the defendant followed the filing of the information in the superior court. It alleged that: "The said EDWIN EARL WILLMIRTH, on or about the thirteenth day of June, nineteen hundred and sixty-six, at and in said County of Stanislaus, State of California, and prior to the filing of this information, did wilfully, unlawfully and feloniously have in his possession, and did plant and cultivate marijuana, cannabis sativa."

At the outset, it should be borne in mind that evidence sufficient to hold a defendant to answer need not be so strong or convincing as the evidence necessary to convict after trial. The rule is thus expressed clearly and conclusively by the Supreme Court in the case of *Bompensiero* v. *Superior Court*, 44 Cal.2d 178, 183-184 [281 P.2d 250], where it is said: "Probable cause is shown if a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused. [Citation.] An

indictment will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it." (See also *People* v. *Nagle,* 25 Cal.2d 216, 222 [153 P.2d 344].)

And, as is said in *Lorenson* v. *Superior Court,* 35 Cal.2d 49, 55 [216 P.2d 859] : " 'If there is some evidence to support the indictment, the courts will not inquire into its sufficiency . . .' (*Greenberg* v. *Superior Court* [19 Cal.2d 319 (121 P.2d 713)], . . .)"

In *Brown* v. *Superior Court,* 234 Cal.App.2d 628, 633 [44 Cal.Rptr. 519], this court observed: "It is, of course, essential to keep in mind that the evidence at the preliminary examination of a felony charge does not have to be conclusive of guilt; it is sufficient if it induces a belief amounting to a strong suspicion that the defendants have committed the offenses charged. [Citations.]" And the general rule is thus stated in Witkin, California Criminal Procedure (1963) section 226, page 212: ". . . reasonable or probable cause exists 'if there is sufficient proof to make it reasonable to believe that the defendant is guilty of the offense charged. . . . the question of the guilt or innocence of the defendant is not before the court, nor does the issue concern the quantum of evidence necessary to sustain a judgment of conviction. The court is only to determine whether the magistrate, acting as a man of ordinary caution or prudence, could conscientiously entertain a reasonable suspicion that a public offense had been committed in which the defendant had participated.' [Citations.]"

Let us review the evidence, which, in the opinion of the magistrate, justified holding the defendant to answer. Detective Sergeant William L. Sweeney testified that on June 13, 1966, he went to 434 Sunnyside Street in Modesto and viewed the back yard of the residence of the defendant at that address; that he walked into the back yard and made a complete preliminary search of the grounds on all sides of the house; at that time the defendant's wife, Joan Willmirth, was at home; on the north side of the house he observed nine marijuana plants growing; he asked the defendant's wife what the plants were. Detective Sweeney was on the staff of enforcement officers at the sheriff's office working in the fields of vice and narcotics to which he had been assigned since 1959; he was thoroughly familiar with the appearance of growing marijuana plants. He testified that he returned to the premises after 5:30 p.m. that same day; as he approached the

dwelling he saw the defendant standing at the rear of the house with a water hose in his hand watering the cultivated area where the marijuana plants were growing; he and his companion officer went to another street east of Sunnyside to get a better look into the back yard; by the time they arrived there the defendant had gone into the house. Agent Cozzalio of the State Bureau of Narcotics stood at the rear door of the dwelling and Sweeney went to the front door where he knocked; the defendant's wife let Mr. Sweeney into the house where he arrested the defendant. Mr. Sweeney testified that the back yard was covered by Bermuda grass, but that in a cultivated area two feet by two and a half feet in size the marijuana plants were growing, that this plot had been cut out of the Bermuda grass area, and that the ground had been cultivated and kept free of weeds; he further testified that when he saw the plants the second time, after 5:30 p.m., the ground inside the plot was wet; he also testified that there were tomato plants growing in another nearby cultivated area; the ground around the tomato plants was also wet; however, the lawn area had not been watered.

It cannot be doubted that in order to convict a defendant of the crime of possession, or cultivation of marijuana, it must be shown that the defendant is aware of the narcotic aspect of the offense. As is said in *People* v. *Bost,* 218 Cal.App.2d 394, 400 [33 Cal.Rptr. 10] : ''The prosecution has the burden of proving that an accused person in possession of a forbidden drug had knowledge of its presence and its narcotic character,'' citing *People* v. *Redrick,* 55 Cal.2d 282, 285 [10 Cal.Rptr. 823, 359 P.2d 255], and *People* v. *Winston,* 46 Cal.2d 151, 160 [293 P.2d 40].

But the same case pointed out what should be apparent to everyone acquainted with our judicial procedure: ''Proof may be made by circumstantial evidence as well as direct.'' (See also *People* v. *Estrada,* 185 Cal.App.2d 435, 437-438 [8 Cal.Rptr. 308], and *People* v. *Williams,* 202 Cal.App. 2d 387, 392, 395 [20 Cal.Rptr. 740].)

Here it is not questioned that the defendant had possession of the nine growing plants of marijuana located in the yard of his residence and tended to and irrigated by him in the same fashion as were his tomato plants, while he paid no attention to the lawn of Bermuda grass, which presumably also needed water but which was completely neglected. The facts that the bed in which the marijuana was growing and which was being watered by him had been cut out of the

Bermuda grass lawn, and that it had been cultivated so that no weeds were growing in it, despite the well-known tendency of Bermuda grass to encroach upon neighboring cultivated areas, are common sense indications that the defendant placed a high degree of value on the marijuana plants, the ultimate use of which was unique and denounced by the law. The facts in evidence should insure that no one could escape at least the strong suspicion that the householder, who had the legal right to use the premises and who was giving close attention and care to his tomatoes and his marijuana plants in separate, but neighboring, cultivated beds, had planted and cared for the marijuana from the time it was a seed. Marijuana being a forbidden plant does not just happen to grow in a bed devoted to its cultivation. A reasonable man could properly infer in the circumstances of the case that there was knowledge on the part of the householder and cultivator of the nature and character of these plants, and that they would have the potential usage when developed and dried that marijuana notoriously has. To say that there was not a strong suspicion of the charged illegal activity is to blind oneself to the ordinary facts and inferences of life.

(See, on this general subject, *People* v. *McDaniel,* 154 Cal.App.2d 475 [316 P.2d 660]; *People* v. *Bretado,* 178 Cal.App.2d 465 [3 Cal.Rptr. 216]; *Jackson* v. *Superior Court,* 62 Cal.2d 521 [42 Cal.Rptr. 838, 399 P.2d 374].)

The order is reversed and the trial court is directed to issue a new order denying the defendant's motion to set aside the information.

Stone, J., and Gargano, J., concurred.